IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CURTIS JAMES LAY,

    Petitioner,                                No. CIV S-10-1642 WBS CHS

    vs.

RICHARD IVES, Warden,

    Respondent.

<u>FINDINGS AND RECOMMENDATIONS</u>

                       /

I. INTRODUCTION

Curtis James Lay, a federal prisoner in custody of the Bureau of Prisons ("BOP"), proceeds pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Lay challenges the outcome of a 2009 prison disciplinary proceeding for which he lost 41 days Good Conduct Time.

II. FACTUAL AND PROCEDURAL BACKGROUND

On February 13, 2009, while incarcerated at the Federal Correctional Institution in Petersburg, Virginia, Lay was served with an incident report charging him with Assaulting Any Person. The Description of the Incident provided:

/////

1

1  On January 22, 2009, at 10:30 am, inmate Lay, Curtis, #18851-016
2  was involved in a serious Assault with inmate Roper, Sammie,
   #70123-054 in Unit D-North, Cell # 46. A review of the CCTV
3  revealed that on January 22, 2009, at 10:00 a.m., Inmate Lay,
   Curtis approached inmate Roper in the common area of Unit D-
4  North and they walked to cell 46. The CCTV revealed minutes
   later inmate Williams entered cell # 46. Seconds after the cell door
5  is seen swinging open and you can see a flash of bodies. Inmate
   Roper states he was held from behind by an unknown inmate while
6  inmate Lay, Curtis # 18851-016 assaulted him. Inmate Roper
   states, shortly thereafter, the unknown inmate placed him in a head
7  lock while inmate Lay struck him in the face with a hard object
   causing him to become unconscious. The CCTV confirmed,
8  inmate Williams, Lay and Roper was the only inmates [sic] in the
   cell at the time of the Assault. When the Officer arrived she
9  observed inmate Lay and Williams standing over inmate Roper as
   inmate Roper laid unresponsive on the floor. During the assault
10 inmate Williams sustained an abrasion to his left middle finger.
   Inmate Roper was medically assessed for multiple lacerations to
11 his upper and lower lip, fractured nose, hematoma to his forehead,
   exophthalmos to his left eye and lacerations to both eye braw [sic].
12 Inmate Roper had to be rushed to the local hospital for further
   medical treatments. Inmate Lay was medically assessed for a 2 cm.
   laceration over the right eye, a 1.5 cm. laceration over the left eye
13 and a superficial laceration over the left upper chest.

14 (Attachment One to the declaration of Curtis Hise, Incident Report by K. Vaughan, SIS

15 Lieutenant, dated and served 02/13/09.)

16  On February 19, 2009, Lay appeared before a Unit Discipline Committee and

17 denied the charges. The matter was forwarded to a Discipline Hearing Officer ("DHO") for

18 further action.

19  On March 6, 2009, Lay appeared before the DHO. He requested and was

20 provided with a staff representative, Officer Holmes. Due to a discrepancy in the Incident Report

21 and supporting documentation as to the time of the incident, the hearing was postponed to March

22 23, 2009 for clarification of the issue. On March 23, 2009, Lay waived his appearance before the

23 DHO but provided a written statement that was delivered by Officer Holmes. Lay also requested

24 that inmate Roper (the alleged victim) be called as a witness. The DHO questioned inmate

25 Roper, who stated he did not remember anything and did not recall making any statements to

26 investigating staff.

Considering all the available information, including the documentary evidence, investigative reports, Lay's written statement and questions, the DHO found that Lay committed the prohibited act of Assault with Serious Injury.  A penalty of 41 days loss of Good Conduct Time, 45 days disciplinary segregation, and loss of social visits and commissary privileges for 6 months was assessed.  Lay was served with a copy of the document notifying him of the outcome of the proceeding.  He proceeded unsuccessfully through the BOP's four-level review process. *See* 28 C.F.R. § 542.10 et. seq.  The parties agree that he properly exhausted administrative remedies before filing this suit.

### III.  GROUNDS FOR RELIEF

In five separate grounds for relief, Lay claims, verbatim:

Ground One: Denial of Due Process of Law- Loss of (41) Days Good Conduct Time Credits. I was denied due process of law before, during, and after the prison disciplinary hearing by Captain Evans, Lieutenant Vaughan, Officer Holmes, and the Hearing Officer Mr. Hise.  The incident Report was based on falsified, uncorroborated and contradicted information made in retaliation against me for insisting that I was innocent; invoking my right to remain silent; and for accusing Lieutenant Vaughan of falsifying information.

Ground Two:  Due to fear of retaliation my staff representative Officer E. Holmes refused to fulfill his duties and responsibilities of assisting me in presenting the best possible defense.  He abandoned me and thereby violated my right to due process of law.  When Officer E. Holmes discovered that I was accusing Lieutenant Vaughan of falsifying (lying) the information in the Incident Report - That the alleged inmate victim (Roper) never made any statement to Vaughan, Officer E. Holmes refused to fulfill continue [*sic*] to help me to prepare the best possible defense. He abandoned me.

Ground Three: Staff representative Officer E. Holmes wilfully disregarded his duties and responsibilities as staff representative by failing to review the surveillance video (discovery material) thereby violating petitioner's rights to due process of law under the Fifth Amendment of the United States Constitution.

Ground Four: Staff representative Officer E. Holmes violated his duties and as staff representative when he failed to obtain and consult, and review with the petitioner the investigation report for the incident thereby violating petitioner's rights to due process of law under the Fifth Amendment.

Ground Five: Staff representative Officer E. Holmes failed to ask petitioner's written questions of witnesses at the disciplinary hearing including the alleged inmate victim Sammie Roper thereby violating petitioner's rights to due process of law under the Fifth Amendment of the United States Constitution.

For purposes of this opinion, Lay's grounds for relief will be addressed in a single discussion on the process due under the United States Constitution in a prison disciplinary hearing when the loss of Good Conduct Time is among the penalties assessed.

## IV. JURISDICTION AND APPLICABLE LAW

Relief by way of a writ of habeas corpus extends to a prisoner in custody under the authority of the United States who shows that his custody violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). "[A] prisoner may seek a writ of habeas corpus under section 2241 for 'expungement of a disciplinary finding from his record if expungement is likely to accelerate the prisoner's eligibility for parole.'" *Ramirez v. Galaza*, 334 F.3d 850, 858 (9th Cir. 2003) (quoting *Bostic v. Carlson*, 884 F.2d 1267, 1269 (9th Cir. 1989).

## V. DISCUSSION

Inmates subject to prison disciplinary action are not guaranteed the full panoply of rights afforded to criminal defendants under the Due Process Clause. Where a disciplinary proceeding results in the loss of a liberty interest, however, such as the loss of good conduct time credits, certain procedural protections must be afforded. *Wolff v. McDonnell*, 418 U.S. 539, 556-58 (1974); *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). In such situations, due process requires: "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Hill*, 445 U.S. at 454 (citing *Wolff*, 418 U.S. at 563-67). If the charges are complex and it is unlikely the inmate will be able to collect and present relevant evidence, he may additionally be entitled to the assistance of another inmate or, if that is prohibited, a staff member. *Wolff*, 418 U.S. at 563.

Due process also requires that the disposition of a prison disciplinary hearing be supported by "some evidence" in the record. *Hill*, 472 U.S. at 455. This standard does not require an examination of the entire record, independent assessment of the credibility of

witnesses, or weighing of the evidence.; rather, the only question is whether "any evidence in the record... could support the conclusion reached by the disciplinary board." *Id*. at 455-56. Although this standard is "minimally stringent," the evidence supporting the disciplinary decision must bear some indicia of reliability. *Cato v. Rushen*, 824 F.2d 703, 704-05 (9th Cir. 1987).

Review of the record reveals that Lay was afforded all the due process elements required by *Wolff v. McDonnell*. Written notice of the charges was provided on February 13, 2009, substantially in advance of his initial appearance before the DHO on March 6, 2009. *See Wolff*, 418 U.S. at 564 (inmate must be given advance notice of at least 24 hours before hearing). Lay appeared before the DHO at the initial hearing and waived his appearance at the subsequent hearing. He had the opportunity to present witnesses and documentary evidence: his written statement was read and considered by the DHO and his requested witness was called and questioned. (*See* Declaration of Curtis Hise.) The DHO prepared a written statement of the evidence relied on and the reasons for the disciplinary action. (*See* Attachment Two to the declaration of Curtis Hise.) Lay does not dispute that he was served with a copy of this document.

Moreover, there was "some evidence" in the record, as set forth in both the incident report and the written summary of reasons for the disciplinary action, to support the finding of guilt. The evidence included, but was not limited to, the CCTV footage showing only three inmates walking into the cell, a staff member's report that he found Lay and one other inmate standing over the unresponsive victim inmate, and the victim's initial statement implicating Lay and another unknown inmate in the attack. Despite the fact that Lay denied the assault and the victim inmate claimed not to remember anything when interviewed by the DHO, the record contains ample evidence supporting the DHO's finding of guilt. *See Hill*, 472 U.S. at 457 (where "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary," those findings must be upheld); *see also Bostric v. Carlson*, 884 F.2d 1267, 1269-70 (9th Cir. 1989) (eyewitness account by reporting officer and

statement by inmate witness that he heard the disciplined inmate challenge another inmate to a fight were sufficient to support guilt).

As to Lay's complaints about the assistance he received from Officer Holmes, his staff representative, Supreme Court precedent clearly establishes only that such assistance is required for illiterate inmates or in "complex" cases. *See Wolff*, 418 U.S. at 563. Lay does not allege that he is illiterate and this incident did not involve a complex matter. In any event, because there is no right to assistance of counsel in a prison disciplinary proceeding, there is no such claim as ineffective assistance of counsel by an assisting staff member in that context. *See Bostic*, 884 F.2d at 1274.

Lay was afforded all the process due under the United States Constitution in connection with the disciplinary proceeding in question. He therefore fails to meet his burden of showing that he is in custody in violation of the Constitution or laws of the United States and no relief is available. *See Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002).

## VI. CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that the petition be denied. These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time waives the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). Any reply to the objections shall be filed and served within seven days after service of the objections.

DATED: February 3, 2012

CHARLENE H. SORRENTINO
UNITED STATES MAGISTRATE JUDGE